IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE IUPAT : | |
|    DISTRICT COUNCIL NO. 51 | |
|    HEALTH & WELFARE FUND, : | |
|    *et al.*, | |
| : | |
|        Plaintiffs, | CIVIL NO.: BEL-11-928 |
| : | |
| v. | |
| : | |
| DRYWALL SYSTEMS, INC., | |
| : | |
|        Defendant. | |

…o0o…

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Complaint for Entry of Confession of Judgment that Plaintiffs Trustees of the IUPAT District Council No. 51 Health and Welfare Fund, Trustees of the Painters and Allied Trades Labor Management Cooperation Fund, Trustees of the Painters and Allied Trades District Council No. 51 Joint Apprenticeship Training and Journeyman Education Program, Trustees of the International Union of Painters and Allied Trades Finishing and the Painters and Allied Trades District Council No. 51 (collectively "the Trust Funds") filed against Defendant Drywall Systems, Inc., ECF No. 1. On April 12, 2011, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Legg referred this case to me to review Plaintiffs' Complaint for Entry of Confession of Judgment. ECF No. 3. For the reasons stated herein, I recommend that the Clerk enter the confessed judgment.

Local Rule 108.1.a requires that a plaintiff that seeks entry of a confessed judgment file a complaint, accompanied by:

      1. The written instrument that

(a) authorizes the confession of judgment; and

(b) entitles the plaintiff to a claim for liquidated damages;

2. An affidavit made by the plaintiff or someone on the party's behalf stating:

(a) the circumstances of the defendant's execution of said instrument;

(b) the age and education of the defendant, if known;

(c) the amount due under the written instrument; and

(d) the defendant's post office address (including street address if needed to effect mail delivery).

Upon review of these documents, the Court may direct the entry of judgment upon a finding that they establish:

1. The defendant's voluntary, knowing, and intelligent waiver of:

(a) the right to notice; and

(b) a prejudgment hearing on the merits of the plaintiff's claim for liquidated damages.

2. The plaintiff's meritorious claim for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, Plaintiffs attached to their Complaint the written instrument authorizing the confessed judgment and entitling Plaintiffs to liquidated damages, ECF No. 1-1, and the Declaration of Quinn Philbin, the attorney who represented Plaintiffs in negotiating a settlement with Defendant, ECF No. 1-3. As an affidavit submitted in compliance with Local Rule 108.1.a, the Declaration has one minor deficiency, in that it does not state Defendant's address. However, the Complaint provides Defendant's address, which is 560 Old Bachman's Valley Rd., Westminster, MD 21157. Thus, the Complaint and accompanying documents substantively meet the requirements of Local Rule 108.1.a.

Having reviewed these documents, I find that they make a *prima facie* showing that Defendant, through its president, voluntarily, knowingly, and intelligently waived its right to notice and a prejudgment hearing, and that Plaintiffs' claim for liquidated damages against Defendant is meritorious. Therefore, I recommend that the Court direct the Clerk to enter the confessed judgment and to ensure that notice of this entry is provided to Defendant at 560 Old Bachman's Valley Rd., Westminster, MD 21157, pursuant to Local Rule 108.1.c.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: <u>May 6, 2011</u>              <u>        /s/          </u>
                                        Paul W. Grimm
                                        United States Magistrate Judge

lyb